P. PAUL CAMPI, INDIVIDUALLY AND AS CHAIRMAN OF THE DEMOCRATIC COUNTY COMMITTEE FOR THE COUNTY OF MONMOUTH, PLAINTIFF-APPELLANT, v. LOUIS R. AIKINS, THE REPUBLICAN COUNTY COMMITTEE FOR THE COUNTY OF MONMOUTH, J. RUSSELL WOOLLEY, CHAIRMAN OF THE REPUBLICAN COUNTY COMMITTEE FOR THE COUNTY OF MONMOUTH, AND J. RUSSELL WOOLLEY, COUNTY CLERK OF MONMOUTH COUNTY, DEFENDANTS-RESPONDENTS.

Argued October 26, 1964—Decided October 26, 1964.

*Mr. Francis X. Kennelly* argued the cause for appellant.

*Mr. John M. Pillsbury* argued the cause for respondents (*Messrs. Pillsbury, Carton, Barnacle & Saling,* attorneys).

PER CURIAM. Application is made for certification to review the judgment of the Appellate Division affirming the action of the trial court in entering judgment in favor of the defendants. In view of the time limitation we directed oral argument on the merits in advance of action upon the petition for certification. The petition is hereby granted and the judgment affirmed for the reasons about to be stated.

■■ The meritorious issue is whether the provisions of *N. J. S. A.* 19:27–11 were met in the selection of a candidate to fill the vacancy in the office of assemblyman.

The statute provides that the county committee is authorized to select a candidate but does not set forth the procedure whereby the will of the committee shall be ascertained. We believe that the statute should be construed to mean that a notice (written unless circumstances permit only oral) be given to each member of the county committee of the time and place of a meeting and that the selection be made by those who appear. The statute not having been interpreted in any prior case, we think the inquiry before us should be whether the procedure adopted by the county chairman was reasonably calculated to ascertain the wishes of the committee members. We are satisfied the county chairman in good faith determined upon the procedure and that the procedure did elicit the expression of the county committee. Having in mind the disservice to the public if an opportunity were denied it to choose between candidates of the major parties, we are reluctant to

vitiate the action here taken. We assume that in the future the procedure we outlined above will be followed.

We think it unnecessary to refer to any other point raised in this case except to say that we expressly reserve the question whether standing to sue is limited to members of the political party whose selection is challenged.

The judgment is affirmed. No costs.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, HALL, SCHETTINO and HANEMAN—6.

*For reversal*—None.